IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REGINA L. SMITH, )
                Plaintiff, )
v. )
                ) Civil Action No. 11-1380
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
                Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 18th day of February, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on March 25, 2008, alleging disability beginning on July 31, 2007, due to back problems and hypertension. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 4, 2010. On March 11, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 26, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 48 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a dietary clerk, housekeeper, nurse's aide and secretary, but she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease, spondylolisthesis, hypertension, depression and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with the additional limitations that she requires a sit/stand option at her discretion, and she is restricted to working in a low stress environment that does not require interaction with the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as a hand packer, sorter/grader and assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Farqnoli, 247 F.3d at 40. In assessing a claimant's residual functonal capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

of the sequential evaluation process because: (1) he improperly evaluated plaintiff's credibility; and (2) he gave inadequate weight to the opinion of a consultative physician who examined her. The court finds that these arguments lack merit.

Plaintiff first contends that the ALJ did not properly assess her subjective complaints of pain. After reviewing the record, the court concludes that the ALJ properly evaluated plaintiff's credibility in accordance with the regulations.

A claimant's subjective complaints of pain and other symptoms must be supported by objective medical and other evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains his reasons for doing so. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, plaintiff's own statements about her symptoms and reports by plaintiff's treatment providers about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1)-(3), 419.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then determined that plaintiff's conditions could be expected to produce some of the pain and other symptoms she alleged, but her subjective complaints regarding the limiting effect of her symptoms were not credible to the extent that they were

inconsistent with the RFC Finding. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 19-20), and is satisfied that such determination is supported by substantial evidence.

Related to plaintiff's credibility argument, she also argues that the ALJ failed to give appropriate weight to the opinion of Dr. John Love, who performed a one-time consultative examination of plaintiff. According to the regulations, the ALJ will give an opinion the weight he deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(1)-(4); 416.927(c)(1)-(4). In light of these factors, the ALJ properly determined that Dr. Love's opinion should be given only limited weight. (R. 19).

Dr. Love filled out a form on which he assessed plaintiff's physical capabilities and found that she could sit for six hours during an eight-hour workday and she only could stand for one hour or less. (R. 287). Plaintiff relies on this assessment to argue that she is unable to perform even sedentary work.

As the ALJ explained in his opinion, Dr. Love's assessment of plaintiff's capabilities is contradicted by his physical examination, which reflected generally normal findings. Dr. Love's examination of plaintiff's cervical spine was within normal limits, as was her shoulder motion and grip strength, but he found that plaintiff had some lumbosacral tenderness and muscle spasm.

(R. 285-86). Dr. Love's examination of plaintiff's lower extremities was essentially normal, and she had good strength in both legs. (R. 286).

Dr. Love's restrictive assessment of plaintiff's functional ability was not only contradicted by his own examination findings, but also by those of other physicians who treated her. Dr. Robert Baraff, a neurologist, found that plaintiff had lumbosacral strain, but she was neurologically stable. (R. 242-43). Dr. Alda Gonzaga also noted plaintiff's lumbar tenderness, but her physical examinations were otherwise within normal limits. (R. 386, 392, 404). Dr. Gongaza also noted that plaintiff's back pain was adequately controlled by her medication. (R 402).

In sum, although the various physicians who treated and examined plaintiff confirmed her complaints of some back pain, their otherwise unremarkable examination findings were consistent with the RFC Finding fashioned by the ALJ. For this reason, the ALJ properly found that Dr. Love's more restrictive assessment of plaintiff's physical capabilities was entitled to only limited weight. (R. 19). The court notes, however, that the ALJ included in the RFC Finding a sit/stand option at plaintiff's discretion, which accounts for Dr. Love's assessment that she has some limitation in her ability to sit and stand during the workday.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*[signature]*
Gustave Diamond
United States District Judge

cc: Kelie C. Schneider, Esq.
420 Pearl street
Pittsburgh, PA 15224

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219